UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARMERS NEW WORLD LIFE INSURANCE COMPANY, | Case No. 2:24-cv-03016-TLN-CSK |
| Plaintiff, | |
| v. | ORDER |
| JEANNETTE LUCILLE NUNES, ET AL., | (ECF No. 20) |
| Defendant. | |

Pending before the Court is Defendant Estate of Vitaliy A. Zaytsev's motion for default judgment against Defendants-in-interpleader Jeannette Lucille Nunes and Michael Anthony Espinosa. (ECF No. 20.) Pursuant to Local Rule 230(g), the Court submits the motion upon the record and briefs on file and vacated the December 16, 2025 hearing.

For the reasons that follow, the Court ORDERS denial of the motion for default judgment without prejudice.

/ / /

/ / /

/ / /

/ / /

1

## I.     BACKGROUND

### A.     Factual Allegations[1]

On or about August 24, 2020, Decedent Vitaliy A. Zaytsev applied for a $250,000 life insurance policy with Plaintiff Farmers New World Life Insurance. Compl. at ¶ 12. Decedent's application designated Defendant Jeannette Lucille Nunes, his spouse/domestic partner, as his 100% beneficiary. *Id*. at ¶ 13. The application designated Defendant Michael Anthony Espinosa as a contingent beneficiary receiving 33.3% of the death benefit. *Id*. at ¶ 14. On October 28, 2020, Decedent's policy was issued. *Id*. at ¶ 16. On May 3, 2024, Decedent died, and as a result, his death benefit became payable to his beneficiaries. *Id*. at ¶ 17. Subsequently, Defendants Jeannette Lucille Nunes and Michael Anthony Espinosa were arrested for the murder of Decedent and are currently incarcerated. *Id*. at ¶ 20.

California has a slayer statute applicable to life insurance which states:

> A named beneficiary of a bond, life insurance policy, or other contractual arrangement who feloniously and intentionally kills the principal obligee or the person upon whose life the policy is issued is not entitled to any benefit under the bond, policy, or other contractual arrangement, and it becomes payable as though the killer had predeceased the decedent.

Cal. Prob. Code § 252. Pursuant to the slayer statute, Plaintiff was unable to determine whether the statue would revoke Defendants as beneficiaries of Decedent's death benefit. *Id*. at ¶ 23.

### B.     Procedural Posture

On November 1, 2024, Plaintiff Farmers World New Life Insurance Company filed a Complaint for interpleader relief against Defendants Jeannette Lucille Nunes, Michael Anthony Espinosa, Alexandra Lucille Espinosa, Julien Christopher Espinosa, and the

---

[1] These facts primarily derive from the complaint (ECF No. 1), which are construed in the light most favorable to Plaintiff as the non-moving party. *Faulkner v. ADT Sec. Servs.*, 706 F.3d 1017, 1019 (9th Cir. 2013). However, the Court does not assume the truth of any conclusory factual allegations or legal conclusions. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

Estate of Vitaliy A. Zaytsev ("Estate"). (ECF No. 1.) On November 8, 2024, Plaintiff filed a motion for interpleader deposit. (ECF No. 8.) This motion was granted on November 12, 2024 by District Judge Troy L. Nunley, authorizing a deposit in the amount of $250,000. (ECF No. 11.) On December 4, 2024, Plaintiff requested an entry of default for Defendants Jeannette Lucille Nunes and Michael Anthony Espinosa. (ECF No.14.) On December 10, 2024, the clerk entered default for the two Defendants. (ECF No. 15.) On January 7, 2025, Defendant Estate filed an answer and cross-claim against all other Defendants. (ECF No. 16.) On February 19, 2025, Plaintiff filed an unopposed motion for an entry order of discharge, attorney's fees, and dismissal with prejudice. (ECF No. 17.) This motion was granted by Judge Nunley on February 20, 2025. (ECF No. 18.)

On November 11, 2025, Defendant Estate filed a motion for default judgment against Defendants Jeannette Lucille Nunes and Michael Anthony Espinosa before the undersigned, with a motion hearing set for December 16, 2025. (ECF No. 20.) On November 13, 2025, the undersigned issued a minute order vacating the December 16, 2025 hearing. (ECF No. 22.) As of March 17, 2026, Defendants Jeannette Lucille Nunes and Michael Anthony Espinosa have not responded to Defendant Estate's motion for default judgment. *See* Docket.

## II.      LEGAL STANDARDS

### A.      Default Judgment

Under Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action. *See* Fed. R. Civ. P. 55(a). However, this default does not automatically entitle the plaintiff to a judgment. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citations omitted). The decision to grant or deny the entry of default judgment is within the district court's discretion. *NewGen, LLC v. Safe Cig, LLC,* 840 F.3d 606, 616 (9th Cir. 2016).

In determining whether to enter default judgment, courts consider the following factors:

1. the possibility of prejudice to the plaintiff;

2. the merits of the substantive claim(s);

3. the sufficiency of the complaint;

4. the amount of money at stake in the lawsuit;

5. whether there are any disputes of material fact;

6. whether the defendant's default was due to excusable neglect; and

7. the strong policy favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). The Ninth Circuit has long disfavored default judgments, counseling that cases be decided on the merits "whenever reasonably possible." *Id*. at 1472.

Once a default is entered, all well-pled allegations in the complaint regarding liability are deemed true. *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). "On the other hand, a defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *United States v. Cathcart*, 2010 WL 1048829, at *4 (N.D. Cal. Feb. 12, 2010) (citation omitted). "[I]t follows from this that facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment." *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). Necessary facts not contained in the pleadings and claims which are legally insufficient are not established by default. *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007). Further, a plaintiff's allegations regarding damages are not deemed true at default, and the plaintiff bears the burden to prove damages with evidence. *See* Fed. R. Civ. P. 55(b)(2)(C); *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

III.   **DISCUSSION**

A.   **Jurisdiction**

When a default judgment is sought, the "district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) (citations omitted). The Court has subject matter jurisdiction

4

over this action pursuant to 28 U.S.C. § 1335 because it is an interpleader action filed by a corporation having in its possession money valued over $500 to which two or more adverse claimants of diverse citizenship may be entitled. Compl. ¶ 8. The Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000. *See* Compl. ¶ 9. In addition, the Court has personal jurisdiction over Defendants Jeannette Nunez and Michael Anthony Espinosa because at least one of the competing claimants to the action allegedly resides in Sacramento County, California, which lies in the Eastern District of California. *See* Compl. ¶ 10. The Court's jurisdiction analysis is not a finding that the claims were sufficiently pled.

**B.      Default Judgment**

1.      Service of the Complaint

In reviewing a motion for default judgment, the Court must determine whether Defendant was properly served with the summons and complaint. Fed. R. Civ. P. 4(c). Individuals may be served by delivering a copy of the summons and complaint to an individual authorized by law. Fed. R. Civ. P. 4(e)(2)(c). Under California law, "a warden, sheriff or jailer upon whom a paper in a judicial proceeding, directed to an incarcerated person in [their] custody… shall… deliver the paper to an incarcerated person…" Cal. Penal Code § 4013.

Here, the affidavit of service for Defendant Michael Anthony Espinosa states the process server left the documents with Officer Nava at the Sacramento County Main Jail on November 7, 2024. (ECF No. 9.) Likewise, the affidavit of service for Defendant Jeannette Nunes states the process server left the documents with "J hislop" who "as Sheriff is authorized to accept service for inmates," at the Rio Consumnes Correctional Center on November 7, 2024. (ECF No. 10.) Plaintiff has therefore provided evidence that Defendants were served properly according to Federal Rule of Civil Procedure 4.

/ / /

/ / /

   2.   *Eitel* Factors

      a)  *Factors Two and Three: The Merits of the Claim and the Sufficiency of the Complaint*

The merits of Plaintiff's substantive claim and the sufficiency of the Complaint are considered together due to the relatedness of the two inquiries. "These factors are often treated as the most important and can be analyzed together…" *New York Life Insurance Co. v. Begashaw*, 2024 WL 3887593, at *4 (E.D. Cal. Aug. 20, 2024). The Court must consider whether the allegations in the Complaint are sufficient to state a claim that supports the relief sought. *See Danning*, 572 F.2d at 1388; *PepsiCo, Inc.*, 238 F. Supp. 2d at 1175. While well-pled facts will be admitted upon Defendants Nunez and Michael Anthony Espinosa's default, the Court finds Defendant Estate's motion to be premature. *See UNUM Life Insurance Company of America v. Jace*, 2016 WL 11474187, at *2 (C.D. Cal. Feb. 23, 2016). For Defendants Jeannette Nunes and Michael Anthony Espinosa to be subject to the slayer statute, they must be convicted of the murder of Decedent. *See* Cal. Prob. Code § 252. As of the date of this order, both Defendants are incarcerated and are awaiting trial for the murder of Decedent. *The People of the State of California v. Michael Espinosa, Miguel Esquibel, and Jeannette Nunes*, Case No. 24FE008182 (Sacramento Sup. Court).[2] If Defendants were to be acquitted in their pending criminal case, they would not be barred from receiving the policy benefits under the slayer statute. *See UNUM*, 2016 WL 11474187, at *2. Defendant Estate does not plead any facts that demonstrate that Defendants Jeannette Nunes and Michael Anthony Espinosa are barred by operation of law from receiving the policy's benefits. *Id*. Because these two *Eitel* factors are determinative, the Court need not examine the remaining *Eitel* factors.

Accordingly, Defendant Estate's motion is DENIED WITHOUT PREJUDICE. Defendant Estate may renew its motion when Defendants Jeannette Nunes and Michael

---

[2] A court may take judicial notice of court records.  *See, e.g., Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

Anthony Espinosa's criminal case has concluded.

**IV.      CONCLUSION**

In conclusion, IT IS HEREBY ORDERED that Defendant Estate of Vitaliy A. Zaytisev's motion for default judgment (ECF No. 20) is DENIED WITHOUT PREJUDICE.

Dated:  March 18, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

7, farm.3016